UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Drake Alden Shelton,<br><br>    Plaintiff<br><br>v.<br><br>Ur Jaddou,<br><br>    Defendant | Case No.: 2:23-cv-00175-JAD-NJK<br><br>**Order Dismissing and Closing Case**<br><br>[ECF Nos. 22, 23, 29, 33, 34, 37, 39, 42] |

    Pro se plaintiff Drake Shelton brings this action against Ur Jaddou for $780,000 in "money damages" and "return of [his] [p]roperty."[1] He theorizes that Jaddou, as the Director of United States Citizenship and Immigration Services, is "in breach of contract" by "administering [Shelton's] property"—his wife Aailyah Shelton—"by enforcement of Immigrant Visa policies."[2] As Shelton explains, "The Word of God clearly defines a man's wife or concubine as his property," and Shelton wants to "recover his property" and be compensated $10,000 for each of the 78 days he's been deprived of his wife.[3] In order to recover this "property," he submitted a "petition for alien relative" to USCIS in August of last year that, if approved, would supply his wife a green card.[4] That petition is still pending.[5]

    Jaddou moves to dismiss Shelton's complaint, contending that this court lacks jurisdiction, Jaddou lacks standing, and the contract claim fails under Nevada law. Shelton did

---

[1] ECF No. 7 at 1–2.
[2] *Id.* at 8.
[3] *Id.* at 4–9.
[4] *Id.* at 40.
[5] ECF No. 29-2 at ¶ 6.

not respond to Jaddou's motion to dismiss[6] and instead filed a spate of motions and other notices. Because it is patently clear that this court lacks jurisdiction over Shelton's claims, I dismiss this case without prejudice.

## Discussion

**A.   This case must be dismissed for want of subject-matter jurisdiction.**

The main problem with Shelton's claims—other than their premise that the government has an obligation to treat his wife as chattel—is that this court doesn't have the ability to adjudicate them because it lacks what's known as subject-matter jurisdiction.[7] As the United States Supreme Court has explained, subject-matter jurisdiction "defines the court's authority to hear a given type of case" and "represents the extent to which [it] can rule on the conduct of persons or the status of things."[8] The Ninth Circuit (the appellate court whose opinions bind this court) has further elaborated that "[s]ubject[-]matter jurisdiction must exist as of the time the action is commenced" and, "[i]f jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss [it]."[9]

Director Jaddou argues that this court lacks jurisdiction over Shelton's request to order her to grant his wife's green-card petition because USCIS has not yet made a determination on

---

[6] The deadline for Shelton to oppose this motion has passed. Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." Because Jaddou primarily moves to dismiss on subject-matter-jurisdiction grounds, the court has an independent obligation to assess its jurisdiction, and as Shelton is a pro se litigant, I do not consider his failure to respond as consent.

[7] Because this court lacks jurisdiction, I decline to consider the government's other arguments for dismissal.

[8] *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (quoting *United States v. Morton*, 467 U.S. 822, 828 (1984); Black's Law Dictionary 870 (8th ed. 2004)) (internal quotations omitted).

[9] *Mamigonian v. Biggs*, 710 F.3d 936, 942 (9th Cir. 2013), *abrogated on other grounds by Patel v. Garland*, 142 S. Ct. 1614 (2022).

that petition.[10]  Generally, federal district courts like this one may review the action of agencies like USCIS under the Administrative Procedure Act (APA), which governs how federal agencies develop and issue regulations.[11]  "But for a court to hear a case like this [under] the APA, there must be final agency action for which there is no other adequate remedy in a court."[12]  The Ninth Circuit has held that there is no final agency action if USCIS has yet to make a determination as to a pending immigration application.[13]  So, because Shelton's petition has not been decided,[14] there has not yet been a final agency action that this court can review under the APA, and this court must dismiss this claim for want of subject-matter jurisdiction.

Shelton's contract claim suffers from the same defect, though for different reasons.  The Ninth Circuit has recognized that only the Court of Federal Claims has jurisdiction to hear contract claims against the government[15] when the claimant seeks more than $10,000 in damages.[16]  Shelton seeks $780,000 in damages here,[17] so his contract claim must be dismissed

---

[10] ECF No. 29 at 9–11.

[11] *Mamigonian*, 710 F.3d at 941.

[12] *Id.* (quoting 5 U.S.C. § 551 et seq. (2012))

[13] *Id.*

[14] ECF No. 29-2 at ¶ 6.  "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The court also "need not presume the truthfulness of the plaintiff's allegations" regarding jurisdiction. *Id.*

[15] Though he sues Jaddou, he does so in her capacity as the Director of USCIC, so I consider the claim to be against the agency.

[16] *McGuire v. United States*, 550 F.3d 903, 910–11 (9th Cir. 2008); *see* 28 U.S.C. § 1346(a)(2) (providing district courts with jurisdiction over "[a]ny other civil action or claim against the United States, not exceeding $10,000 in amount, founded . . . upon any express or implied contract with the United States").  This is true with limited exceptions that don't apply here.  *See, e.g., Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1137 (9th Cir. 2013).

[17] ECF No. 7 at 1.

because this court lacks jurisdiction over it.[18]  Shelton is advised to seek relief on this claim in the Court of Federal Claims.

**B.      Shelton's recusal request lacks merit.**

Shelton has also filed a motion requesting that the magistrate judge and district judge assigned to this case recuse themselves because he perceives them to be "biased" or "partial."[19] Shelton theorizes that "the woman acting as Judge Jennifer A. Dorsey and the woman acting as Nancy J. Koppe" deprived him of his due-process rights by "labeling [his] person as Plaintiff and . . . with Latin phrases such as Pro se"; "positioning Ur Jaddou as a defendant"; failing to recognize that "Ur Jaddou is a woman" who merely "sometimes acts" as the USCIS Director; relying on a case that "included attorneys [who] from what [he] understand[s] and believe[s] defined money as Federal Reserve [n]otes"; applying the "[c]ode side of the [c]ourt" instead of the "[c]ommon[-l]aw side"; "breach[ing] [a] contract by not meeting the terms of the [c]onditional [a]cceptance [c]ontract" that bills Jaddou "10,000 silver dollars a day"; and misrepresenting his requested damages.[20]  Under 28 U.S.C. §§ 144 and 455, a judge must recuse herself if "a reasonable person with knowledge of all the facts would conclude that [her] impartiality might reasonably be questioned."[21]  I find that no "reasonable person with

---

[18] To the extent Shelton means to bring other claims, I find that they are wholly nonsensical—even under the liberal pleading standard for pro se plaintiffs—such that this court cannot exercise jurisdiction over them.  *See Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (recognizing that "the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion") (cleaned up).

[19] ECF Nos. 37, 39.

[20] ECF No. 39 at 1–4; ECF No. 7 at 19.

[21] *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (quoting *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984)).

4

knowledge of all" these supposed "facts would conclude that" these jurists' "impartiality might reasonably be questioned,"[22] so I deny Shelton's recusal motion.

## Conclusion

IT IS THEREFORE ORDERED that the motion to recuse the magistrate judge and district judge **[ECF Nos. 37, 39] is DENIED**.

IT IS FURTHER ORDERED that the motion to dismiss **[ECF No. 29] is GRANTED**.

IT IS FURTHER ORDERED that all other pending motions in this case **[ECF Nos. 22, 23, 33, 34, 42] are DENIED** without prejudice as moot in light of the dismissal.

The Clerk of Court is directed to **ENTER JUDGMENT accordingly and CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
June 8, 2023

---

[22] *Studley*, 783 F.2d at 939 (quoting *Mayes*, 729 F.2d at 607).